1

```
1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
2                            FORT WORTH DIVISION

3    UNITED STATES OF AMERICA        .  CRIMINAL ACTION NO.
                                     .  4:16-CR-118-A-3
4    V.                              .
                                     .  Fort Worth, Texas
5    WILLIAM JOSEPH OROZCO           .  October 12, 2016
     . . . . . . . . . . . . . . . . .

6

7

8
                         TRANSCRIPT OF PROCEEDINGS
9                           (Sentencing Hearing)
                     BEFORE THE HONORABLE JOHN MCBRYDE
10                     UNITED STATES DISTRICT JUDGE

11

12

13

     APPEARANCES:
14
     For the Government:            MR. SHAWN SMITH
15                                  United States Attorney's Office
                                    801 Cherry Street, Suite 1700
16                                  Fort Worth, Texas  76102-6897
                                    (817) 252-5200
17
     For the Defendant:            MR. PAUL T. LUND
18                                  Burleson Pate & Gibson
                                    Founders Square
19                                  900 Jackson Street, Suite 330
                                    Dallas, Texas  75202
20                                  (214) 871-4900

21   Court Reporter:               MS. ANA P. WARREN
                                    U.S. District Court Reporter
22                                  501 W. 10th Street, Room 502
                                    Fort Worth, Texas  76102-3637
23                                  (817) 850-6681

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

2

**_P R O C E E D I N G S_**

1

2       (Commencing, 11:45 a.m.)

3              THE COURT:  Okay.  I'm calling for sentencing now in

4       Case Number 4:16-CR-118-A, United States of America, and this

5       time the defendant is William Joseph Orozco.  Mr. Smith is

6       here for the government, and Mr. Lund is here for

7       Mr. Orozco.

8          Mr. Orozco, state your name for the record.

9              DEFENDANT OROZCO:  William Joseph Orozco.

10             THE COURT:  Okay.  You appeared before me on May 26,

11      2016 when you pleaded guilty to the offense charged by Count 2

12      of the two count information, and the offense was conspiracy

13      to possess with intent to distribute a controlled substance,

14      and we're here today for sentencing based on the conviction

15      resulting from that plea of guilty.

16         Mr. Lund, did you and your client receive in a timely

17      manner the presentence report and the addendum to it?

18             MR. LUND:  Yes, Your Honor.

19             THE COURT:  And did both of you read those items and

20      then discuss them with each other?

21             MR. LUND:  We did, Your Honor.

22             THE COURT:  Let's see.  You made some objections to

23      the presentence report.  You've seen the probation officer's

24      response and the government's response to those objections and

25      my order expressing my tentative conclusion that they were

1   without merit.  Do you still want to pursue any of those

2   objections?

3          MR. LUND:  Yes, Your Honor.  We stand by the legal

4   objection made in writing, and we have no further evidence to

5   offer.

6          THE COURT:  Okay.  Let's take them up one at a time,

7   then.

8      The first objection is to Paragraph 27 of the presentence

9   report, and that's the paragraph giving the defendant a two

10   level increase based on a firearm.

11      I'm not sure I'm understanding.  Is he denying that he had

12   a firearm?

13          MR. LUND:  No, Your Honor.  He's not disputing the

14   facts as listed in the PSR or the PSR addendum at all.  My

15   objection is a legal objection stating that the evidence in

16   the presentence report that Paragraph 27 relies on is not

17   legally sufficient to apply the enhancement under United

18   States versus Ramos, which I cite in my objection.  That's 71

19   F.3d 1150, Fifth Circuit 1995.  It's merely a legal objection,

20   Your Honor.

21          THE COURT:  Okay.

22      (Brief pause in proceedings)

23          THE COURT:  Okay.  So he admits that he was

24   present -- that Ishak was present at his residence in

25   possession of multiple ounces of methamphetamine and a

1   firearm.  He says that that's simply not enough to cause him

2   to be held accountable?

3        MR. LUND:  Yes, Your Honor.  To be clear the

4   defendant is not disputing that paragraph, which is Paragraph

5   11 of the presentence report.  I'm simply stating as his

6   counsel I don't believe that's legally enough to apply the

7   enhancement.

8        THE COURT:  Now, the government has included in its

9   response a -- and I'm sure you had this when you filed your

10   objection -- an interview with Candace Whitten where she says

11   that she witnessed Phil Ishak in possession of four ounces of

12   methamphetamine and a handgun on six occasions at Will

13   Orozco's residence.  So it happened six times that he was

14   there with a handgun.

15       (Brief pause in proceedings)

16       THE COURT:  I'm not sure I understand what you're

17   objecting.  Obviously, they were engaged in jointly

18   undertaking criminal activity, trafficking methamphetamine,

19   and it's obvious that a gun is one of the tools of trade for

20   that activity, and that your client could reasonably have

21   foreseen that his co-offender or co-conspirator would have

22   possession of the gun.  So I'm going to overrule the

23   objection.  I don't understand why you're making that

24   objection.

25       Is that the only objection you're making?

1          MR. LUND:  Yes, Your Honor.  That is the only

2    objection in the presentence report, and there are no

3    objections to the presentence report addendum.

4          THE COURT:  Okay.  There being no further objections,

5    the Court adopts as the fact findings of the Court the facts

6    set forth in the presentence report as modified or

7    supplemented by the addendum and any facts I've found from the

8    bench, and the Court adopts as the conclusions of the Court

9    the conclusions expressed in the presentence report as

10   modified or supplemented by any conclusions I've expressed

11   from the bench.

12      The Court concludes that the Total Offense Level is 33.

13   That the Criminal History Category is VI.  That the guideline

14   imprisonment range is 235 to 240 months.  That's, I believe,

15   capped at 240 by reason of the charging decision.  Let's see.

16   It would have been 235 to 293 months if the defendant had been

17   charged with his true offense conduct.

18      The supervised release range is three years.  The fine

19   range is $17,500 to $1 million, and a special assessment of

20   $100 is mandatory.

21      Okay.  Let's see.  The government filed a motion for

22   downward departure in this case?

23          MR. SMITH:  Yes, Your Honor.

24          THE COURT:  Okay.  Does the government wish to offer

25   any evidence in support of that?

1      MR. SMITH:  Yes, Your Honor.

2      THE COURT:  Okay.

3      MR. SMITH:  The government calls Agent Finney.

4   Did the Court state that the guideline range was 235 to

5   240 months?  Is that right?

6      THE COURT:  That's what I said.  Do you have some

7   question about that?

8      MR. SMITH:  No, Your Honor.  I just wanted to make

9   sure.

10      THE COURT:  And I added what it would have been had

11   it not been for the way he was charged it would have been up

12   to 293, 235 to 293, had he been charged with his true offense

13   conduct.

14   Go ahead.

15      MR. SMITH:  Thank you, Your Honor.

16      BRIAN FINNEY, testified under oath as follows:

17                  **DIRECT EXAMINATION**

18   BY MR. SMITH:

19   Q.  Will you please state your name?

20   A.  My name is Brian Finney.

21   Q.  And your current occupation?

22   A.  I'm a special agent with the Drug Enforcement

23   Administration.

24   Q.  Are you familiar with the case against Mr. Orozco?

25   A.  Yes, I am.

1   Q.  Will you tell the Court how Mr. Orozco has substantially

2   assisted the government?

3   A.  Yes.  Prior to being indicted and arrested on this

4   investigation in March of 2016, Mr. Orozco interviewed with

5   agents from Homeland Security while Mr. Orozco was in the, I

6   believe, custody of the Tarrant County Jail.  Following his

7   arrest, he also has provided proffer interviews with the

8   government.

9       Based on those two statements and his cooperation, the

10  government utilized Mr. Orozco's information to assist in the

11  prosecution of a number of defendants.  Those defendants would

12  be:

13      Albert Cineceros, Terry Falkner, James Owens, Brittany

14  Pierson, Drew Justice Windsor, and Jack Gossett.  With

15  Mr. Gossett, Mr. Orozco's information was the main information

16  utilized -- one of the main people utilized in the prosecution

17  of Mr. Gossett.

18      Additionally, Mr. Orozco has provided information that we

19  anticipate using against seven future defendants in the next

20  round of indictments on this case.

21  Q.  Now, Mr. Gossett did go to trial, but the government did

22  not use Mr. Orozco at Mr. Gossett's trial.  Is that right?

23  A.  That's correct.  Mr. Orozco's information was one of the

24  main reasons we charged Mr. Gossett.  After Mr. Gossett was in

25  custody, we identified some other witnesses and some other

1    evidence that we felt would be better utilized at the trial.

2    Q.  And you said that his information would be used against

3    how many future targets approximately?

4    A.  Seven.

5              MR. SMITH:  No further questions, Your Honor.

6              THE COURT:  Okay.  Do you have any questions you want

7    to ask him?

8              MR. LUND:  No, Your Honor.

9              THE COURT:  Okay.  You can step down.

10             THE WITNESS:  Thank you.

11             THE COURT:  Okay.  I find that the defendant has

12   provided substantial assistance to the government in the

13   investigation and prosecution of others and that he is

14   eligible for a sentence below the bottom of the advisory

15   guideline range.  There are other factors the Court would have

16   to consider, and I'll hear from the attorneys -- from the

17   defendant's attorney on that subject.

18      Mr. Lund, you filed a document called Defendant Hindman's

19   motion for downward variance, but it looks like it's intended

20   to pertain to Mr. Orozco.

21             MR. LUND:  That is correct, Your Honor.  That was an

22   unfortunate typo in the title on my part, and I apologize.

23             THE COURT:  Okay.  Did you want to offer any evidence

24   in support of that other than what you've just heard?

25             MR. LUND:  No, Your Honor, I do not.

1          THE COURT:  Okay.  Go ahead.  You can make whatever

2    statement you would like to make on behalf of your client and

3    include anything you want to say about the possibility of a

4    sentence below the bottom of the advisory guideline range.

5          MR. LUND:  Thank you, Your Honor.

6       I'll rely primarily on the sentencing memorandum, which

7    was previously filed on September 13 of this year.

8          THE COURT:  I've read that.

9          MR. LUND:  Thank you, Judge.

10      I would like to briefly state, as evidenced both in the

11   PSR and the sentencing memorandum, Mr. Orozco is unique in the

12   circumstance that the addiction that he has to methamphetamine

13   began at a very, very young age, and it was in part -- it

14   began when he was 12 years old.  He caught his sister using

15   drugs, and his sister, rather than doing what I think most

16   siblings would do, actually had him take drugs as well, so

17   that if they were to get in trouble, he would get in trouble

18   as well.

19      There is no doubt whatsoever that he has made a number of

20   mistakes in his life since that point, but the nature of his

21   addiction is such that it affected his brain chemistry as a

22   child.  Methamphetamine is one of the more vicious drugs,

23   frankly, to affect the brain chemistry of children, and I ask

24   if the Court would consider that under 3553(a)(1)(A)(2)(c) and

25   (d).

1     And beyond that, Your Honor, I would simply ask the

2  government grant -- excuse me.  I would ask the Court grant

3  the government's motion and sentence Mr. Orozco to a term

4  below the guideline range.

5     THE COURT:  Mr. Orozco, you have the right to make

6  any statement or presentation you would like to make on the

7  subject of mitigation, that is, the things you think the Court

8  should take into account in determining what sentence to

9  impose or on the subject of sentencing more generally, and at

10  this time I'll invite you to do that.

11     MR. LUND:  Your Honor, I've spoken with Mr. Orozco

12  extensively on this, and he's very overcome by the emotion of

13  the situation and not having family present due to where he

14  currently lives, and as a result, he would rather not address

15  the Court.  He would rather I do it for him.

16     THE COURT:  Okay.  Do you have anything else you want

17  to say?

18     MR. LUND:  Your Honor, I would ask that the Court

19  recommend the facility at FCI Sheridan, which is in Oregon.

20  That is the location nearest to where his sister lives in the

21  Pacific Northwest.  We are hopeful that by his being placed at

22  the Bureau of Prisons, that he would be able to have more

23  family contact, and we would ask the Court to recommend RDAP

24  or other drug treatment options be made available to

25  Mr. Orozco during his sentence so that, hopefully, he can

1    overcome his addiction.

2         THE COURT:  Okay.  He does have quite a criminal

3    history.  Almost ten pages of the presentence report are

4    devoted to his criminal history.

5         Possession of marijuana starting at age 25.  Possession of

6    methamphetamine at age 27.  Possession of methamphetamine,

7    again, at age 28.  Assaulting a bodily member at age 29.

8    Again at age 29, possession with intent to deliver

9    methamphetamine.  Again at age 29, another possession of

10   methamphetamine.  At age 33, again, assaulting a body member.

11   Age 34, possession of a controlled substance, again,

12   methamphetamine.

13        He has several offenses that he wasn't convicted of but

14   admitted his guilt or I can tell from the information in the

15   presentence report that he committed the offense.  At age 27,

16   he admitted his guilt to possession of a controlled substance,

17   a plea in bar.  He did that twice at age 27.

18        At age 29, he, again, admitted possession of a controlled

19   substance as part of a plea in bar.  He did that twice at age

20   29.  At age 39, he was charged with evading arrest with a

21   vehicle, and that's still pending, apparently.  Unauthorized

22   use of a vehicle is still pending.

23        And I think it's appropriate to consider that had the

24   defendant been charged with his true offense conduct, his

25   offense level would have been higher, but the bottom of his

1   offense level would have been different.  Maybe that's not

2   that significant a factor.

3       I'm going to give the defendant a sentence below the

4   bottom of his guideline range to take into account his

5   cooperation with the government.  I'm going to reduce it, the

6   bottom of the guideline range, from 235 to sentence him to 210

7   months.  That will knock off a little over two years, and I

8   think a sentence of that kind is one that adequately and

9   appropriately addresses all the factors the Court should

10  consider in sentencing under 18, United States Code, Section

11  3553(a), and also takes into account his assistance and

12  cooperation with the government.

13      The sentence I've described would be consecutive to the

14  state court sentences in Case Numbers 1447855 and 1447851 that

15  are pending in Criminal District Court Number 1 of Tarrant

16  County in Case Number F1652628 pending in the 282nd Judicial

17  District Court of Dallas County, Texas.  They are all

18  unrelated, cases unrelated to the offense in this case.

19      That sentence of imprisonment I've described would be

20  combined with a term of supervised release of three years once

21  he's completed his sentence of imprisonment in this case.  An

22  obligation to pay a special assessment of $100 would be

23  payable immediately to the United States of America through

24  the office of the clerk of the Court.

25      All of those factors -- elements of the sentence in my

1    view constitute a sentence that is an appropriate sentence

2    under 18, United States Code, Section 3553(a), that takes into

3    account all the factors the Court should consider under that

4    statute as well as his cooperation with the government.

5        So the Court's ordering and adjudging that the defendant

6    be committed to the custody of the Bureau of Prisons to serve

7    a term of imprisonment of 210 months.  I'm also ordering that

8    the defendant serve a term of supervised release of three

9    years -- and by the way, that sentence of imprisonment is

10    consecutive to the state court sentences -- or the sentences

11    in the state court cases that I mentioned a moment ago.

12        I'm also ordering that the defendant serve a term of

13    supervised release of three years once he's served he's served

14    his sentence of imprisonment in this case.  And the conditions

15    of that supervised release will be the standard conditions

16    that will be set forth in the judgment of conviction and

17    sentence and the following additional conditions:

18        He shall not commit another federal, state, or local

19    crime.  He shall not possess illegal controlled substances.

20    He shall cooperate in the collection of DNA as directed by the

21    probation officer.  He shall refrain from any unlawful use of

22    a controlled substance, and shall submit to one drug test

23    within 15 days of release from imprisonment and at least two

24    periodic drug tests thereafter as directed by to probation

25    officer pursuant to the mandatory drug testing provision of

1  the 1994 Crime Bill.

2   He shall participate in mental health treatment services

3  as directed by the probation officer until successfully

4  discharged, and those services may include prescribed

5  medications by a licensed physician, and he will contribute to

6  the cost of those services at the rate of at least $25 a

7  month.

8   He shall participate in a program approved by the

9  probation officer for treatment of narcotic or drug or alcohol

10  dependency that would include testing for the detection of

11  substance use, and he shall abstain from the use of alcohol

12  and all other intoxicants during and after completion of that

13  treatment, and he will contribute to the cost of those

14  services at least $25 a month.

15   I'm also ordering that he pay a special assessment of

16  $100.  That's payable immediately to the United States of

17  America through the office of the clerk of the Court here in

18  Fort Worth.

19   Mr. Orozco, you have the right to appeal from the sentence

20  I've imposed if you're dissatisfied with it.  That appeal

21  would be to the United States Court of Appeals for the Fifth

22  Circuit.  You have the right to appeal in forma pauperis.

23  That means without any cost to you if you qualify for it.

24  You have the right to have the clerk of the Court file a

25  notice of appeal for you, and the clerk will do that forthwith

1    if you were to specifically request it.

2        You and your attorney have been given a form that outlines

3    certain rights and obligations in reference to an appeal.  If

4    you haven't already done so, I want the two of you to review

5    it and be sure you understand it, and once both of you are

6    satisfied you understand it, I want both of you to sign it and

7    return it to the Court coordinator.

8        Has that been done?

9            MR. LUND:  Your Honor, it has, and the defendant

10   would like to note for appellate purposes that he objects to

11   the reasonableness of the sentence.

12           THE COURT:  Pardon?

13           MR. LUND:  The defendant would like to note for

14   appellate purposes that he objects to the reasonableness of

15   the sentence.

16           THE COURT:  Okay.

17           MR. LUND:  And with regard to the recommendation for

18   FCI Sheridan, I'm not sure if I heard the Court issue --

19   decide whether or not it would issue such a recommendation to

20   the Bureau of Prisons.

21           THE COURT:  You mean a recommendation as to a

22   particular location?

23           MR. LUND:  Yes.

24           THE COURT:  I don't make those recommendations.

25           MR. LUND:  I understand that, Judge.

16

1    And the final thing I'll say is that now that a sentence

2    has been passed, given the sensitive nature of both the

3    defendant's cooperation and the circumstances surrounding that

4    potential information being in the presentence report, I would

5    ask the Court to instruct the probation officer in this case

6    to amend the presentence report now that sentencing has

7    concluded to keep the specifics of Paragraph 17 with regard to

8    the defendant's cooperation out of the document itself for

9    fear that it might be seen --

10    THE COURT:  Okay.  We went through this the last time

11    you were over here, and we discussed the different things that

12    prevent anybody from getting access to the presentence report,

13    including the provision that the Bureau of Prisons won't allow

14    anybody to have access, and so I'm not going to order the

15    probation officer to do that.

16    Okay.  The defendant is remanded to custody, and the

17    attorneys are excused.

18    (End of proceedings, 12:10 p.m.)

19    -oOo-

20

21    I N D E X

22    Witnesses:         Direct      Cross      Redirect      Recross

23    Brian Finney         6

24

25    -oOo-

17

CERTIFICATE

     I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter, and that the transcript was prepared by me and under my supervision.

s/  Ana P. Warren                          December 12, 2016
Ana P. Warren, CSR #2302                        Date
U.S. District Court Reporter

-oOo-